UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIE L. HARRIS, | ) CASE NO. 1:17 CV 1225 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| ERIC IVEY, WARDEN, et al., | ) AND ORDER |
| | ) |
| Defendants. | ) |

On June 12, 2017, plaintiff *pro se* Willie L. Harris, an inmate at the Cuyahoga County

Jail, filed this 42 U.S.C. § 1983 action against the jail's warden, Eric Ivey, and the Cuyahoga

County Sheriff's Office.  The brief complaint, which is largely illegible, alleges plaintiff bit into

the tooth of a comb that was in his food, causing his mouth to bleed.  Plaintiff also alleges the air

quality at the jail is of poor quality, and that the shower area has mold.

A district court is expressly required to dismiss any civil action filed by a prisoner

seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if

the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain

either direct or inferential allegations respecting all the material elements of some viable legal

theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy*

*Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence

fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

While the Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain," *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)), it does not mandate that prisoners be free from discomfort or inconvenience during their incarceration. Further, negligence cannot form the basis for a section 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986).

Even liberally construed, the complaint simply does not contain allegations reasonably suggesting plaintiff might have a valid Eighth Amendment claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

6/29/2017

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE